J-A25011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY L. BILLINGER :
:
Appellant : No. 18 WDA 2021

Appeal from the PCRA Order Entered December 23, 2020,
in the Court of Common Pleas of Erie County Criminal
Division at No(s): CP-25-CR-0000463-2017.

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED:  NOVEMBER 29, 2021**

Anthony L. Billinger appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  Police officers executed a search warrant at Billinger's residence in Erie, Pennsylvania, at 1:30 p.m. on January 3, 2017.  During the search, the officers recovered significant quantities of cocaine, heroin, marijuana, and a loaded semi-automatic handgun. Billinger was arrested and multiple charges were filed against him.  On June 5, 2017, Billinger entered a guilty plea to possession with an intent to deliver a controlled substance ("PWID") and possession of a

_____

[*] Retired Senior Judge assigned to the Superior Court.

firearm prohibited. On July 17, 2017, the trial court sentenced him to an aggregate term of 87 to 174 months of imprisonment, consecutive to any other sentence he was then serving. Billinger filed a counseled motion for reconsideration of sentence, which the trial court denied.[1]

Although he did not file a timely appeal, Billinger's appellate rights were reinstated on July 12, 2018, via a PCRA petition. Thereafter, new counsel filed an appeal on Billinger's behalf along with a petition to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In a non-precedential decision filed on May 24, 2019, we rejected Billinger's challenge to the discretionary aspects of his sentence and permitted counsel to withdraw. Billinger did not seek further review.

On May 14, 2020, Billinger filed a *pro se* PCRA petition. The PCRA court appointed counsel, who then filed a supplement to the *pro se* petition. On November 12, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Billinger's PCRA petition without a hearing. Billinger did not file a response. By order entered December 23, 2020, the PCRA court denied

---

[1] Billinger also filed a *pro se* motion for reconsideration in which he asserted, *inter alia*, that he was sentenced to an unconstitutional mandatory minimum sentence. Important to the present appeal, Billinger did not contend that counsel assured him he would receive a lesser sentence. In accordance with Pa.R.Crim.P. 576(A)(4), the prothonotary forwarded the *pro se* filing to plea counsel.

Billinger's PCRA petition.  This timely appeal followed.  Both Billinger and the

PCRA court have complied with Pa.R.A.P. 1925.

Billinger raises the following issue on appeal:

A. Whether the guilty plea of [Billinger] was invalid in that [plea] counsel erroneously advised him that he [was] subject to a mandatory minimum sentence and the counts would merge and his sentencing exposure would be limited to a term of incarceration of 5 to 10 years?

Billinger's Brief at 2 (excess capitalization omitted).

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.  Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015)

(citations omitted).

Moreover,

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

Billinger's issue alleges the ineffective assistance of plea counsel for advising him to enter his guilty plea based upon counsel's erroneous advice. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. *Id.* at 533.

With regard to claims of ineffectiveness in relation to the entry of plea, we further note:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

The standard for post-sentence withdraw of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Id.* On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

With these standards in mind, we address the merits of Billinger's sole issue on appeal. As noted above, he asserts his plea counsel "provided erroneous legal advice upon which he relied thereby rendering his [plea] as unknowing and involuntary." Billinger's Brief at 4. He further explained:

> Billinger alleges that [plea] counsel advocated for him to accept the plea agreement from the Commonwealth to plead to one count of PWID and one count of possession of a firearm due to the fact that he was subject to a mandatory minimum sentence. [Plea] counsel further based her advocacy on the representation that given the applicability of a mandatory minimum sentence, the [trial court] would then merge the two criminal counts together for purposes of sentencing and that his sentencing exposure would be limited to the 5 to 10 year term. However, upon the [trial court] accepting the [plea] and then proceeding to sentencing, Billinger became aware that contrary to counsel's representations he was not subject to a mandatory minimum and instead the [trial court] imposed a consecutive sentencing scheme resulting in an aggregate sentence of 87 months to 174 months. This was a significant departure from his understanding and expectations relating to what counsel had apprised him in an effort to secure his acceptance of the plea offer. [Billinger] would not have accepted the plea agreement if he was cognizant of the ensuing sentence in contravention of the statements of [plea] counsel.

*Id.* According to Billinger, he "was wholly persuaded to take the guilty [plea] given counsel's pronouncement of the applicability of a mandatory minimum sentence and that his sentencing exposure would be constrained by the parameters suggested by [plea] counsel." *Id.* at 5.

The PCRA court found that Billinger's "claims with regard to the integrity of the guilty plea are belied by the record and do not afford him relief." Rule 907 Notice, 11/12/20, at 3. The court then cited the oral and written plea colloquies and concluded:

> Thus, the record amply demonstrates [Billinger] was aware of, and acknowledged, the charges to which he was pleading guilty and the potential maximum sentences he faced. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and

- 6 -

> may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011). No patent defect exists with regard to the plea colloquy. [Billinger] fails to point to performance of counsel which questions the reliability of the manner in which guilt was determined. No showing of prejudice on the order of manifest injustice can be established. Based upon the totality of the circumstances, [Billinger's] claim he entered into a defect plea due to ineffectiveness of counsel is wholly without merit.

Rule 907 Notice, 11/12/21, at 5.

Our review of the record supports the PCRA court's conclusions. At the guilty plea hearing, Billinger and his counsel signed a "DEFENDANT'S STATEMENT OF UNDERSTANDING OF RIGHTS PRIOR TO GUILTY/NO CONTEST PLEA." This document, which is essentially a written plea colloquy, informed Billinger of the maximum sentences for the crimes to which he would be entering a guilty plea. The form further provided:

> 5. I understand that any plea bargain in my case is set forth here and there has been ***no other bargain and no other promise or threat of any kind to induce me to plead guilty***/no contest.

Statement of Understanding, 6/5/17, at 1 (emphasis added). Finally, this form emphasized that the only plea bargain in Billinger's case was that he would plead guilty to two counts in exchange for the Commonwealth's withdrawal of all remaining counts. ***Id.***

As noted by the PCRA court, this plea colloquy was reviewed with Billinger and his counsel as part of Billinger's oral colloquy, and Billinger confirmed his understanding of its contents. ***See*** N.T., 6/5/17, at 7-8. Thus,

Billinger is bound by these statements and cannot contradict them by claiming he was induced by plea counsel's representations. **Pollard**, **supra**.

Moreover, Billinger proffered no evidence to support his claim regarding plea counsel's alleged representations regarding Billinger's sentence exposure. While he asserted in his *pro se* PCRA petition that plea counsel, following sentencing, conceded her mistake regarding a mandatory minimum, he attached no supporting evidence.[2] Indeed, the record contains no certification from plea counsel. **See generally**, Pa.R.Crim.P. 902(a)(12).

In sum, because our review of the record supports the PCRA court's conclusion that Billinger entered a valid plea, we affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2021

---

[2] In his brief, Billinger asserts that he appended a copy of correspondence he received from plea counsel to his *pro se* PCRA petition "in which she conceded that she had apprised him that he was subject to a mandatory minimum and that [she] was mistaken." Billinger's Brief at 6. There is no attachment to Billinger's *pro se* petition in the certified record.